UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Zantra Williams,

    Petitioner,

v.

B. Eischen, FPC Duluth,

    Respondent.

Case No. 24-cv-1034 (PJS/DTS)

**REPORT AND RECOMMENDATION**

Petitioner Zantra Williams claimed in the petition for a writ of habeas corpus that commended this action that he was incorrectly deemed to be ineligible for First Step Act time credits upon being transferred to the Federal Prison Camp in Duluth, Minnesota. Williams all but admitted in his petition that he had not first exhausted administrative remedies for his claims before presenting them to this Court. *See* Dkt. No. 1 at 2-3.

This is a serious problem. As this Court explained in its Order dated April 18, 2024, Federal prisoners challenging their sentences generally must first exhaust their available administrative remedies before seeking federal habeas relief. *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (concluding that habeas petition must be dismissed because petitioner failed to first exhaust his administrative remedies with the BOP); *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam). This administrative-exhaustion requirement is not jurisdictional and can be excused in appropriate circumstances, but as this Court further explained in its earlier Order, there did not appear to be any good reason for excusing the exhaustion requirement in this case. *See* Dkt. No. 5. Williams had plenty of time in which to present his claims to the Federal Bureau of Prisons before seeking judicial relief, and there was no reason to

1

believe that the administrative remedy offered by the Federal Bureau of Prisons would be futile if there were merit to Williams's claims. Accordingly, Williams was ordered to show cause within 21 days of the Court's April 18, 2024 Order why this matter should not be dismissed without prejudice for failure to exhaust administrative remedies, and he was warned that failure to respond to the Order would result in a recommendation of dismissal on exhaustion grounds.

That deadline has now passed, and Williams has not responded to the Court's Order to Show Cause. Accordingly, it is now recommended—for the reasons stated above and for the reasons stated in the April 18, 2024 Order—that this matter be dismissed without prejudice for failure to exhaust administrative remedies. Should the recommendation of dismissal be adopted, Williams's pending application to proceed *in forma pauperis* should be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

2. The application to proceed *in forma pauperis* of petitioner Zantra Williams [Dkt. No. 4] be DENIED.

Dated: May 21, 2024                    s/ David T. Schultz_____
                                       DAVID T. SCHULTZ
                                       United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).